[File No. 6449.]

C. J. WEISER, R. A. Engbretson, and L. B. Whitney, Respondents, v. STENER EKRE, Appellant.

(271 N. W. 147, 109 A.L.R. 175.)

Opinion filed January 16, 1937.

*Starke & Starke,* for appellant.

*Keohane & Kuhfeld,* for respondents.

186

CHRISTIANSON, Ch. J. This is an action against the vendee to enforce a contract for the sale of real property. The material and undisputed facts are substantially as follows: On September 16, 1927, the plaintiffs entered into a contract with the defendant. The contract was of the type providing for the sale of land on the crop payment plan. It recited that the plaintiffs, as parties of the first part "for and in consideration of the payment of the sum of Three Thousand, four hundred and no/100 ($3,400.00) Dollars, and interest thereon from September 16, 1929, at the rate of six per cent, per annum, and the fulfillment of the contracts and agreements hereinafter mentioned, and to be performed by said party of the second part, do hereby agree to sell and convey unto the said party of the second part, his heirs, executors, administrators or assigns, by a good and sufficient deed of warranty, the following described real estate, situate, lying and being in the County of Golden Valley and State of North Dakota, to-wit: The Northeast Quarter (NE¼) of Section Nineteen (19) in Township One Hundred Thirty-eight (138), North of Range One Hundred Five (105) West, of the Fifth Principal Meridian." The contract further provided that the party of the second part (defendant) would farm the premises, and at the proper season of 1930 and each year thereafter during the continuance of the contract would seed the same to wheat unless other grains should be agreed upon, and that he would bear all expenses incident to furnishing seed, plowing, caring for, harvesting, threshing and delivering such crops. The contract recited that the party of the second part had paid $1,000.00 in cash upon the execution and delivery of the contract and that the remainder of the purchase price, namely, $2,400.00, should be paid as follows: "That he will deliver to said parties of the first part, or their agent, one half of all crops raised each year at Beach, North Dakota, or such other place as may hereafter be mutually agreed upon, such delivery to be made and the price of said grain so delivered to be fixed on or before the first day of October of each year. The price so fixed to be the market price at the time of delivery of said grain; the amount so realized to be credited on this contract, first by paying the interest due at the time of said delivery, and the remainder to be applied upon the reduction of the principal sum then remaining unpaid, until the full amount of the principal and interest is wholly

paid." The contract also contained the following provision: "It is further mutually understood and agreed that the balance of the purchase price remaining unpaid at the end of three years shall at that time become due and payable in cash, said three years last hereinbefore mentioned to commence running on October 1st, 1929." The contract was signed by the three plaintiffs and by the defendant. Immediately following the names of the plaintiffs as signed to the contract is the word "trustees". The contract, however, makes no reference to any trust, and there is nothing in the recitals in the contract to indicate that the plaintiffs were acting as trustees. The covenants in the contract purport to be made by the plaintiffs in their individual capacity. The present action was instituted May 4, 1935.

In their complaint the plaintiffs allege that on September 16, 1929 they were the owners of a certain tract of land in Golden Valley County in this state; that on that day they entered into a contract in writing with the defendant wherein and whereby the plaintiffs agreed to convey and sell the same to the defendant and the defendant agreed to buy the same and make payment therefor as specified in the contract. A copy of the contract is attached to and specifically made a part of the complaint. It is further alleged in the complaint that upon the execution and delivery of the contract the premises were delivered into the possession of the defendant and that he has farmed the same since that time; that the defendant failed to deliver any part of the crops raised in the years 1931 and 1932 and failed to account to the plaintiffs for one half of such crops; and that he failed to pay taxes on the land for the years 1930, 1931, 1932, 1933 and 1934. It is further alleged that the defendant made certain payments from crops raised during the years 1930 and 1933 and that after allowing credit for such payments there remains due to the plaintiffs, under the terms of the contract, the sum of $2,942.02 and that according to the terms of the contract such sum is now due and payable. It is further alleged "that Plaintiffs have kept and performed each and every condition, covenant and agreement by said contract provided to be kept and performed by them, and that they are now ready, able and willing to make conveyance of said lands and premises to the Defendant as in said contract provided and hereby offer and tender a deed describing said premises to the Defendant upon the payment

of the balance of the purchase price remaining unpaid, to-wit: The sum of Two Thousand Nine Hundred Forty-two and 02/100 ($2,942.02) Dollars."

The plaintiffs pray judgment that the court determine the amount due on the contract with interest and that the plaintiffs have judgment against the defendant for the amounts so determined and found to be due; that it be adjudged that the plaintiffs have a valid lien upon the land for the amount so adjudged and that the lien be foreclosed and the usual decree of foreclosure entered; that the defendant and all persons claiming under him be barred and foreclosed of all right except the right of redemption and that if the proceeds of the sale are insufficient to satisfy plaintiffs' claim and all costs, that then the deficiency be and remain a personal judgment against the defendant.

The defendant interposed an answer wherein he denied generally each and every allegation and matter set forth in the complaint except as specifically admitted or qualified. He admitted that he entered into the contract and alleged that he had complied with the terms thereof and that there were no past due installments. He alleged that the contract as entered into provided for payments from the crop alone, and that the provision in the contract that the balance remaining due at the end of three years should be paid in cash was not according to the intention of the parties and was due to fraud on the part of the plaintiffs or a mutual mistake. He further alleged that owing to crop failures he had been prevented from producing crops and turning over any proceeds to the defendants. He prayed judgment that the contract be reformed so as to strike out the portion providing for payment of the balance remaining due on the contract at the end of three years; that the court adjudge that there were no delinquent or past due payments; that he be granted the benefit of the moratorium, and allowed additional time in which to comply with the terms of the contract as originally agreed upon between the parties; and that plaintiffs' action be dismissed with costs.

The case was tried to the court upon the issues thus framed, and resulted in findings and judgment in favor of the plaintiffs. The trial court found that there was due on the contract on the date of the commencement of the action, namely, May 4, 1935, inclusive of

interest on the principal sum to that date, the sum of $2,813.12, and that there was due from the defendant to the plaintiffs said sum of $2,813.12 with interest on the principal sum remaining unpaid, namely, $2,056.95 at the rate of six per cent per annum from May 4, 1935, to the date of entry of final judgment. The court further found:

"That Plaintiffs have kept and performed each and every condition, covenant and agreement by said contract provided to be kept and performed by them, and that they are now ready, able and willing to make conveyance of said lands and premises to the Defendant as in said contract provided, and that they have offered and tendered to the Defendant a deed of conveyance describing said premises upon the payment of the balance of the purchase price remaining unpaid, and have deposited the same with the Clerk of this Court, and said deed of conveyance is now in the custody of the Clerk of this Court for delivery to the Defendant upon the payment of the balance of the purchase price remaining due and unpaid."

The court directed judgment to be entered in favor of the plaintiffs and against the defendant:

"That the agreements set forth in the complaint, and proven in this cause, be specifically performed; that the Defendant pay to the Plaintiffs, or their attorneys, or to the Clerk of this Court for the use and benefit of the Plaintiffs, within five (5) days after the service of the notice of entry of judgment herein, the sum of $2,813.12 with interest on the sum of $2,056.95 at the rate of 6% per annum from and since May 4, 1935, plus the costs of this action, whereupon the Clerk will deliver to him the deed of conveyance to said land, which deed has heretofore been tendered to the Defendant and is now on file with the Clerk of this Court.

"That if the Defendant refuses to make payment of said sums, with interest and costs as aforesaid, within said five (5) days, the Plaintiffs have execution for said sums against said lands and premises, and that the same be sold at public auction at the front door of the Court House in the City of Beach, Golden Valley County, North Dakota, by the Sheriff of Golden Valley County, upon like notice and in the form and manner as provided by law for the sale of real property under execution."

Thereafter the defendant moved for a new trial on the grounds, among others:

"1st. That the evidence is insufficient to justify the decision.

"2nd. That the decision is against the law, in this:

"(a) It appears from the evidence that the deed tendered at the trial was not in conformity to the contract.

"(b) That the deed tendered did not convey good title.

"(c) It appears from the evidence that the plaintiffs are unable to deliver title to the property contracted as called for by the contract. . . .

"(f) The Findings of Fact are not supported by the evidence, for

"(1) Plaintiffs are not the owners of the property contracted."

The motion for a new trial was denied and the defendant has appealed from the judgment and from the order denying a new trial and demands a trial anew in this court.

Only two witnesses testified upon the trial, one Sellman and the defendant Ekre. Sellman testified that he had been acting for the plaintiffs in certain business matters; that he acted as agent for the plaintiffs in making a sale of the land involved in this action to the defendant.

The plaintiff produced and offered in evidence the contract and two certain warranty deeds. The first deed was executed by C. J. Weiser, E. R. Haines, L. B. Whitney, Abbie B. Weiser, wife of C. J. Weiser, Ella L. Whitney, wife of L. B. Whitney, and Mayme S. Haines, wife of E. R. Haines, as grantors, to E. R. Haines as grantee. This deed was a general warranty deed containing the usual provisions of seizin and warranty and against encumbrances. This deed recites a consideration of One Dollar and other considerations, and was acknowledged February 10, 1933. The land conveyed by the deed is described therein as follows:

"Northeast Quarter (NE¼) of Section Nineteen (19) in Township One Hundred Thirty-Eight (138) North of Range One Hundred Five (105) West of the Fifth Principal Meridian, except a strip of land 100 feet wide (in width), being 50 feet on each side of the center line of the main track of the Golden Valley branch of the Northern Pacific Railway, as same is located, surveyed and constructed through the above mentioned premises, said land containing

in all 155.57 acres, more or less, according to U. S. Government Survey thereof."

The other warranty deed·was executed by E. R. Haines and Mayme S. Haines, his wife, as grantors, to the defendant Stener Ekre, as grantee. The deed recites the payment of a consideration of $3,400.00, and that it conveys to Stener Ekre the land described above. The deed contains the usual covenants of seizin and warranty, and recites that the premises are free from all encumbrances except taxes accrued since 1929. This deed was acknowledged by the grantor, May 2, 1935.

In the first deed immediately following the names of C. J. Weiser, E. R. Haines and L. B. Whitney, in the body of the deed, is the word "(trustees)", and after each of their names as signed to the deed is the word "trustee." There is no recital in the deed referring to any trust relationship. The plaintiffs' proof of performance or offer to perform is predicated upon these deeds and upon the testimony of Sellman. At the time these deeds were adduced in evidence the following occurred in the district court:

"Q. Mr. Sellman, have the plaintiffs performed their part of this contract in so far as they agreed? In other words, I want to ask you this question, are the plaintiffs ready and able and willing to give title to the defendant upon payment of the balance due on the contract at this time?

"A. They are.

"Q. And do you have a conveyance with you now conveying title to these premises to the defendant?

"A. I have.

"Q. Now then I'll show you Plaintiffs' Exhibit 'B' and will ask you what that is, Mr. Sellman?

"A. That is a warranty deed from Weiser, Whitney and Haines to E. R. Haines.

"Q. And it describes the land involved in the suit, does it not?

"A. It does.

"Q. I will ask you to tell what Exhibit 'C' is?

"A. That is a warranty deed from E. R. Haines to Stener Ekre.

"Q. The defendant?

"A. The defendant.

"Q. Does it describe the land involved in the action?

"A. It does.

"Q. Do these make good title in the defendant?

"A. They do.

"Mr. Keohane: We offer in evidence Exhibits 'A, B and C,' if the Court please.

"The Court: Have you any objection, Mr. Lee?

"Mr. Lee: No.

"The Court: They may be received.

"Mr. Keohane: I think that's all, your Honor. That is the plaintiffs' case, your Honor.

"The Court: Do the plaintiffs rest?

"Mr. Keohane: The plaintiffs rest."

This is all the evidence adduced by the plaintiffs showing or tending to show performance on their part, or their willingness, readiness and ability to perform their contract with the defendant.

We are wholly agreed that this evidence did not establish plaintiffs' cause of action and is insufficient to justify the decision.

"The doctrine is fundamental that either of the parties seeking a specific performance against the other must show, as a condition precedent to his obtaining the remedy, that he has done or offered to do, or is then ready and willing to do, all the essential and material acts required of him by the agreement at the time of commencing the suit, and also that he is ready and willing to do all such acts as shall be required of him in the specific execution of the contract according to its terms." 4 Pom. Eq. Jur. § 1407, p. 3338. See also 25 R. C. L. p. 322.

By the terms of the contract involved in this action, the plaintiffs, Weiser, Engbretson and Whitney covenanted with the defendant, Ekre, that *they* would convey the premises described in the contract to him by a good and sufficient deed of warranty. But the evidence shows that more than two years before this action was brought two of these plaintiffs (Weiser and Whitney), together with their wives, and one E. R. Haines and his wife, executed and delivered a warranty

deed and thereby conveyed such premises to E. R. Haines. So far as the plaintiff, Engbretson, is concerned he has made no conveyance. Neither did he join in any deed offered to the defendant upon the trial. There is no evidence as regards the plaintiffs' title, except the two deeds, and the statement of Sellman that these deeds would "make good title in the defendant." The contract which plaintiffs ask to be specifically performed imported an implied warranty, on the part of the vendors, that at the time the contract was made they were the owners of the land described in the contract, and had power to convey the same by "a good and sufficient deed of warranty." 66 C. J. p. 845. And "the general rule requiring plaintiff to be able, ready, and willing to perform imposes on a vendor seeking specific performance the duty to preserve the property and control of the title thereof." 58 C. J. p. 1069. Under the terms of the contract the defendant was entitled to conveyance of the premises by "a good and sufficient deed of warranty" executed by the plaintiffs (the vendors who executed the contract), and conveyance by such deed by a third party did not constitute a substantial compliance with the contract. McVeety v. Harvey Mercantile Co. 24 N. D. 245, 264, 139 N. W. 586, 592, Ann. Cas. 1915B, 1028; 66 C. J. p. 856. Indeed, instead of showing compliance the evidence here shows that on the part of two of the plaintiffs the contract was breached. Skinner v. Scholes, 59 N. D. 181, 229 N. W. 114.

Plaintiffs contend that the defendant waived all objection to the title offered to be conveyed by the deeds offered. It is argued that when the deeds were offered in evidence during the trial defendant's counsel stated there was no objection and that he thereby in effect conceded that the title offered to be conveyed complied with the contract; or in any event that the defendant waived any departure there might be from the terms of the contract. In our opinion this contention is not well founded. The witness Sellman was on the stand. He was being interrogated by plaintiffs' attorney. The two warranty deeds were exhibited to, and identified by, him. The following then took place:

"Plaintiffs' Attorney: Do these make good title in the defendant?

"Sellman: They do.

"Plaintiffs' Attorney: We offer in evidence Exhibits 'A, B and C,' if the Court please.

"The Court: Have you any objection, Mr. Lee?

"Defendant's Attorney: No.

"The Court: They may be received.

"Plaintiffs' Attorney: I think that's all, your Honor. That is the plaintiffs' case, your Honor.

"The Court: Do the plaintiffs rest?

"Plaintiffs' Attorney: The plaintiffs rest."

It will be noted that plaintiffs' counsel stated that he offered the contract and deeds in evidence. The court thereupon inquired if defendant's counsel had any objection. Defendant's counsel answered: "No". The court then stated that "they (the exhibits) may be received."

The sole question before the court at the time was whether the deeds should or should not be received in evidence. The defendant did waive any objection he might have had to their admissibility but this was the extent of the waiver. Admissibility is one thing and the probative effect of evidence quite another. The plaintiff in a suit on a contract does not establish his cause of action because he offers evidence, which is received without objection, showing that he did something different from or contrary to that which he had agreed to do. And a defendant who offers no objection to any evidence that is offered by the plaintiff during the presentation of his case does not thereby concede that the evidence offered establishes plaintiff's case.

The plaintiffs in this case in their complaint alleged that they had "kept and performed each and every condition, covenant and agreement by said contract provided to be kept and performed by them," and that they were then "ready, able and willing to make conveyance of said lands and premises to the defendant as in said contract provided and hereby offer and tender a deed describing said premises to the defendant upon the payment of the balance of the purchase price remaining unpaid." This allegation was denied in the answer and the plaintiffs had the burden of establishing it. 25 R. C. L. pp. 335–338.

When the deeds were offered in evidence the question was not whether the defendant would be willing to waive certain rights which

he had under the contract which the plaintiffs were seeking to enforce. The question was whether the instruments which they offered in evidence should or should not be admitted. The fact that these instruments did not establish the fact that the plaintiffs had performed or were able, ready and willing to perform but rather disclosed the contrary did not operate to defeat defendant's contract rights. Under the issues framed by the pleadings the evidence which the plaintiffs offered would clearly have been admissible if offered by the defendant for the purpose of showing that the plaintiffs were not in position to perform. It did not operate to prove performance, or ability to perform, by plaintiffs because it was offered by the plaintiffs. When all the evidence in this case is considered and every inference favorable to the plaintiffs is drawn, the fact remains that no one can say that the plaintiffs had a good title or that under the deeds offered the defendant will receive any title whatsoever. The fact also remains that the defendant does not have, either directly or indirectly, the protection and benefit of covenants, which do not run with the land, which the plaintiffs had agreed in their written contract would be inserted in the deed which they would execute and deliver to the defendant.

We are wholly agreed that the defendant, by failing to object to the admission of the deeds in evidence, did not waive his right to insist that the plaintiffs must perform in accordance with the contract.

In his brief and on oral argument the appellant has also raised the question that the land described in the deeds is some 3.43 acres less than that which the contract agreed that the plaintiffs would convey. This contention is based upon the fact that the deeds, except from the transfer a strip of land 100 feet wide which it is said is the "main track of the Golden Valley branch of the Northern Pacific Railway as same is located, surveyed and constructed" through said premises. Plaintiffs' counsel answer appellant's argument by asserting that at the time the contract was made the defendant knew of the existence of this right-of-way; that the railway was then in operation, and consequently defendant knew that plaintiffs could not convey the premises except subject to the easement of the railway company. There is no.

basis in the record on this appeal for any consideration of this latter question; and inasmuch as the judgment in any event must be reversed for the reasons already pointed out, we do not express any opinion on the effect of the easement of the railway company for right-of-way, if such easement is shown to exist.

The judgment appealed from must be and it is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

BURKE, BURR, NUESSLE, and MORRIS, JJ., concur.