[File No. 6685.]

NANNA M. FUNK and C. E. Branick, Appellants, v. L. R. BAIRD and T. A. Tollefson, Respondents.

(295 N. W. 87.)

Opinion filed November 27, 1940.

*Leland J. Smith* and *George A. Soule,* for appellants.

*G. R. Brainard,* for respondents.

MORRIS, J. This is an action for the specific performance of a contract for the purchase and sale of real estate. The plaintiffs seek to compel the defendants to take title and pay the balance of the consideration. This contract recites that it is an agreement between Mrs. A. Branick as vendor, and L. R. Baird and T. A. Tollefson, the defendants herein, as vendees. It involves a quarter section of land in Stark county. The contract is dated June 1, 1929. The consideration is $4,000 payable in instalments of $500 annually, the last payment being due on June 1, 1936. In addition, the purchaser agreed to pay the taxes and interest on deferred payments at the rate of 6 per cent per annum. Upon performance of the contract it is provided that the vendor "agrees to convey unto the said parties of the second part, or

their assigns by deed of warranty and abstract of title," the real estate covered by the contract.

The vendor died and her estate was probated in the county court of Stark county. On June 12, 1935, a final decree of distribution was entered herein. It recited that "the balance of her interest as vendor in the northeast quarter (NE¼) of Section fourteen (14) township one hundred thirty-nine (139) range ninety-seven (97) in Stark county, North Dakota . . . is hereby assigned to and vested in the said Orren P. Branick, Nanna M. Funk and C. E. Branick, the respondent Julia Cordelia Carr having by quitclaim deed assigned and set over to the three just named respondents, all of her right, title and equity in and to said real property herein described."

Orren P. Branick has since conveyed his interest in the premises to C. E. Branick by quitclaim deed. The defendants defaulted under the contract. Nanna M. Funk and C. E. Branick, plaintiffs, herein seek by this action, to enforce the contract by specific performance and ask for a decree determining the amount due on the contract and for judgment against the defendants for the amount so determined. At the trial, the plaintiffs tendered to the defendants a warranty deed executed by themselves and their spouses. At the same time they also tendered a warranty deed to the defendants signed by Orren P. Branick and Julia Cordelia Carr and their spouses.

The defendant, Baird, interposed a general denial to the plaintiff's complaint and also specifically denied that he executed the contract or is in any manner liable thereon. The defendant, Tollefson, also interposed a general denial of all allegations except the execution of the contract. He further alleges that the original vendor, Mrs. A. Branick, agreed to execute and deliver to him a deed of warranty; and that the plaintiffs were unable to deliver such a deed containing her personal warranty.

No argument is made in the brief for the defendants upon the point that the defendant, Baird, was not bound by the contract. The evidence shows that although the contract was signed, "L. R. Baird and T. A. Tollefson by T. A. Tollefson" that Baird acquiesced in the purchase and participated in the fruits of the contract.

In Skinner v. Scholes, 59 N. D. 181, 229 N. W. 114, an action was brought to cancel an executory contract for the sale of land. Relief

was sought by the vendee. The vendor was a land company that agreed to convey to the vendee the premises described "in fee simple, clear of all encumbrances whatever, by good and sufficient warranty deed." The land company deeded the property to Mrs. Scholes and also assigned the contract to her. Cancelation of the contract was sought by the purchaser who refused to accept a deed from Mrs. Scholes on the ground that the vendor was unable to perform and that the tender of a deed from Mrs Scholes was not in compliance with the contract. The land company had gone out of existence. In sustaining the plaintiff's contention, the court said: "The plaintiff was entitled to insist upon the terms of the contract and to a deed in conformity therewith. The contract provided that the land company would convey title clear of all encumbrances whatever, by good and sufficient warranty deed. The fair inference is that this contemplated a deed with the usual covenants. Most certainly it contemplated a covenant against encumbrances and this is one of the usual covenants. . . . So a deed from Mrs. Scholes, the grantee of the land company, would not give to the plaintiff that to which he was entitled under the contract, that is, the land company's covenants which did not run with the land, including that against encumbrances."

This being an action for specific performance, the plaintiffs seek relief upon purely equitable grounds. In order to get such relief, they must be ready, willing, and able to fully perform the vendor's part of the contract. That means that the plaintiff must tender to the vendee a marketable title by a conveyance containing the usual covenants unless the contract provides otherwise. The vendee is entitled to a conveyance that contains covenants of seisin; of right to convey; against encumbrances; of quiet enjoyment; and of general warranty. 4 Kent, Commentaries, § 471.

Weiser v. Ekre, 67 N. D. 185, 271 N. W. 147, 109 A.L.R. 175, was an action against the vendee to enforce a contract for the sale of real property. The plaintiff was the grantee of the original vendors and sought to compel the vendee to specifically perform the contract. It was held that a conveyance of title by a deed, executed by the grantee of the original vendor, would not be a compliance with the contract. The court emphasized the fact that the contract contemplated a deed with the usual covenants including a contract against encumbrances,

which is one that does not run with the land and consequently a deed executed by the grantee of the original vendor did not comply fully with the contract since it did not offer to the vendor all that he had bargained for. His bargain included the vendor's personal covenants.

The defendants urge that the rules laid down in Skinner v. Scholes, 59 N. D. 181, 229 N. W. 114, and Weiser v. Ekre, 67 N. D. 185, 271 N. W. 147, 109 A.L.R. 175, supra, control the case at bar. On the other hand, the plaintiffs contended that by tendering warranty deeds containing the usual covenants and executed by all of the heirs of the deceased vendor, they have fulfilled all of the vendor's obligations under the contract and are thus entitled to a decree of specific performance against the defendants.

It is self-evident under the authority of Skinner v. Scholes, and Weiser v. Ekre, supra, that if the vendor, Mrs. A. Branick, had conveyed the land in question to the plaintiffs, they could not now enforce specific performance of the contract. Mrs. Branick's title passed to her heirs by operation of law rather than by voluntary conveyance. Does this fact permit the heirs to maintain an action in specific performance which they could not have maintained had the title passed by grant?

The property involved vested in the heirs upon the death of the vendor. Arntson v. First Nat. Bank, 39 N. D. 408, 167 N. W. 760, L.R.A.1918F, 1038. Covenants that run with the land descend to the heirs and may by them be granted with the land when they convey it. The heirs of a deceased debtor have no personal liability for his debts. Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302. Neither may the heirs be compelled to undertake the performance of personal covenants of a deceased vendor. Such covenants do not run with the land. Being personal, they are obligations of the vendor and her estate, but not obligations of the heirs. As against the vendees, the heirs have no right to insist upon substituting their personal covenants for those of the vendor. Their covenants would be something entirely different from the covenants of the vendor and the vendees may not be compelled to accept them as a substitute for the covenants that they contracted for. We are not interested in whether the personal covenants of the heirs would be more or less valuable than those of the origi-

nal vendor. The personal covenants of the heirs may be better than those of the vendor, but the defendants are not bound to accept them. They did not contract with the heirs nor did they contract with the vendor to take conveyance from either her heirs or assigns.

The facts in the case at bar are similar to those in Spindle v. Miller, 6 Munf. (Va.) 170. In that case the vendor bound himself to make and execute deeds of conveyance and the vendee bound himself and his heirs to pay the consideration. In considering the sufficiency of a tendered conveyance the court remarked: "The court is further of opinion, that the said agreement provides, that the said conveyance should be made by the said testator *himself,* and not by his heirs; a restriction the appellant may have good reasons to insist on, and had, therefore, a right to insert in the contract; and that this construction is not varied by the circumstance that the penal part of the agreement extends to such heirs: and the second count in the declaration having admitted that no such conveyance was made or tendered, by the said testator, the court is of opinion that the same makes no case whereon the appellees are entitled to recover, although it is stated therein, that conveyances were made and tendered, for the premises, by the widow and heirs of the said testator."

The vendees may not be compelled in an action for specific performance to accept personal covenants of parties with whom they did not contract or whose personal covenants they did not agree to accept. Skinner v. Scholes, 59 N. D. 181, 229 N. W. 114, supra, and Weiser v. Ekre, 67 N. D. 185, 271 N. W. 147, 109 A.L.R. 175, supra, are decisive of this case. Under the rules therein laid down, the defendants may not be compelled to accept the deeds of heirs of the deceased vendor.

Having thus determined that the plaintiffs are not entitled to enforce the contract by specific performance, since they themselves are not in a position to tender performance on their part, it becomes unnecessary to consider other questions raised by the arguments and briefs of counsel.

Affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, BURR, and BURKE, JJ., concur.